IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00311-WDM-MJW

JEROMIE JAMES ROSE,

Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO, et al.,

Defendants.

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
MOTION TO REOPEN AND EXTEND DISCOVERY
(DOCKET NO. 71)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Discovery and Motion to Reopen and Extend Discovery (docket no. 71). The court has reviewed the motion and the responses (docket nos. 74 and 75). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

In the subject motion, Plaintiff seeks discovery from Defendant Officer Thomas Franek in two areas: (1) to identify the medical professional who evaluated Officer Franek while he was employed with the City of Lafayette and (2) to either produce medical records regarding this evaluation, referenced in Chief Schultz' deposition, or to

2

sign releases for the same. (See discovery request attached to the Plaintiff's subject motion as exhibit 2).

Here, the court finds that discovery was initially to be complete by February 3, 2006. Moreover, the parties were to serve their interrogatories, requests for production, and requests for admissions by December 20, 2005. See Rule 16 Scheduling Order (docket no. 9). On February 3, 2006, this court granted the Unopposed Plaintiff's Motion for Enlargement of Time for Discovery (docket no. 35). The parties were given until April 3, 2006, to complete discovery, which was the requested relief within this motion. (See docket no. 33, WHEREFORE clause that outlines relief sought). Plaintiff did not file a motion to amend the Scheduling Order, nor did plaintiff request that any other deadlines contained in the Scheduling Order be changed. Between February 3, 2006, and April 2, 2006, Plaintiff did not take any action as it pertains to discovery. On the extended discovery deadline of April 3, 2006, Plaintiff's counsel sent to Defendants a second set of written discovery. Defendants responded by sending to Plaintiff's counsel a letter dated April 19, 2006. (See exhibit A-1 attached to response, docket no. 75). In essence, this letter informed Plaintiff that the second set of written discovery was untimely and objectionable because it was over-broad, unduly burdensome, duplicative, requested information to which privacy and/or confidentiality rights attached, and was not reasonably calculated to lead to discovery of admissible evidence. Plaintiff's counsel did not respond to this letter. In fact, Plaintiff waited until over four (4) months later on August 24, 2006, to file the subject motion to compel and the subject motion to reopen and extend discovery. It

3

should be noted that the Pretrial Conference was held on August 10, 2006, and a Final Pretrial Order was entered by Magistrate Judge Watanabe on August 10, 2006. Plaintiff has failed to provide any explanation as to why the subject discovery requests were not timely served.

Based upon these findings, this court concludes that Plaintiff's subject motion to compel is untimely and should be denied. See Continental Indus., Inc. v. Integrated Logistics Solutions LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999). Plaintiff waited four (4) months before filing the instant motion, and Plaintiff's act of waiting four (4) months constitutes a waiver. Furthermore, this court notes that the Final Pretrial Order was entered on August 10, 2006, some fourteen (14) days prior to the subject motion to compel being filed.

This court has further taken into consideration those factors as outlined in Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987), and this court concludes that Plaintiff's Motion to Reopen and Extend Discovery should also be denied for the following reasons. Defendants oppose the reopening and extending discovery. Defendants would suffer prejudice if discovery were to reopen. Defendants would have to spend additional time and money on additional discovery and would have to supplement their summary judgment motions. This court notes that the pending summary judgments motions (docket nos. 42 and 45) are both ripe for ruling by Judge Miller. A Final Pretrial Order has already been entered as of August 10, 2006. Plaintiff has failed to exercise due diligence in completing discovery timely and complying with

4

this court's deadlines on discovery. Lastly, Plaintiff has failed to demonstrate how the requested additional discovery will lead to relevant evidence in this case.

### ORDER

Accordingly, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery and Motion to Reopen and Extend Discovery (docket no. 71) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of September 2006.

BY THE COURT:

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge